UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMAR BOUSO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  18 CV 1238 |
| | ) | |
| LOQUERCIO AUTOMOTIVE, INC., and | ) | |
| d/b/a ELGIN HYUNDAL, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

COMPLAINT
AS AND FOR A FIRST COUNT OF ACTION
(Title VII- NATIONAL ORIGIN DISCRIMINATION)
(HOSTILE WORK ENVIRONEMNT)

**Nature of the Action**

1.      **OMAR BOUSO**, ("BOUSO") brings this action under Title VII of the Civil

Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1990, 42

U.S.C.A. §§ 2000e et seq., ("ACT"), venue jurisdiction under 28 U.S.C.A. § 1343 (4) and

42 U.S.C.A. § 2000e-5(f), and in complaining of the **LOQUERCIO AUTOMOTIVE,**

**INC., and d/b/a ELGIN HYUNDAL** ("Defendant" or "ELGIN"),  having subjected

BOUSO to National Origin discrimination by failure to treat him the same as non-Syrian

employees despite his complaints about same, states as follows:

**PARTIES**

2.  BOUSO, is with a national origin of Syrian descent working in a racially diverse

office and a resident of Kane County, State of Illinois.

3.   Plaintiff was an employee of ELGIN and he was wrongfully terminated due to actions

of ELGIN's agents in September 3, 2014.

 4. ELGIN is an employer within the meaning of the Civil Rights Act and 42 U.S.C.

2000(e) *et seq*. and has been at all times material to the allegations herein.

## STATEMENT OF FACTS

5.  Plaintiff was a car salesman for ELGIN's facility in Elgin, Illinois. Elgin being a domestic corporation organized under the laws of Illinois and is considered an employer under Title VII of the Civil Rights Act of 1964 as amended.

## FACTUAL BASIS

6.  That BOUSO was treated differently than non-Syrian in the handling of his work environment, discipline and held to a higher standard of performance than other employees not in his protected classification.

7.  While employed at ELGIN, BOUSO meet the work expectations of his employer by receiving average evaluations.

8. During BOUSO's employment, BOUSO was subjected to hostile work environment, which he reported to management.

9. BOUSO protested his treatment, but nothing was done to stop the national origin discrimination in his discipline or work assignments.

10. Further, ELGIN by its action or inactions of its agents based upon BOUSO's complaints in the work place, which unreasonably interfered with the terms and conditions of BOUSO's employment and BOUSO's performance in his job, based upon his National Origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1990.

12.  Because of his complaining of his treatment BOUSO was unfairly disciplined by agents of ELGIN which was not from his conduct and, thereafter terminated from his

employment, all because of his complaining about his wrongful treatment based upon his national origin.

13.  By reason of the National Origin and Racial discrimination by ELGIN agents, BOUSO has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

14.  The ELGIN's violation of BOUSO rights was willful.

15. Plaintiff filed a discrimination charge against Defendant with the Illinois Department of Human Rights and cross filed with the Equal Employment Opportunity Commission ("EEOC"). That charge was timely filed by BOUSO against ELGIN. (See Exhibit "A")

16. On November 20, 2017, Plaintiff was sent a notice from the EEOC of his right to bring this action (see Exhibit "B"), and Plaintiff timely filed this action.

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the Plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (TITLE VII-RETALIATION)

17.  BOUSO realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

18.  ELGIN did intentionally retaliate against Plaintiff, based upon his complaining about being treated differently than other employees that were non-Syrian employees and thereafter terminated his employment.

19.  By reason of the retaliation of ELGIN, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

20.  Further, said action on the part of the ELGIN was done with malice and reckless disregard for Plaintiff's protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the Plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

OMAR. BOUSO

BY:**/S/ Michael T. Smith**
Michael T. Smith

Michael T. Smith 6180407IL
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099

4